SEXTON, J. (Pro Tempore),
concurring in part, agreeing in part and dissenting in part.
Iil concur in the result reached as to Part 1 of the opinion regarding the issue of the conclusion of the contract and the responsibility for tail coverage. I see this issue as a factual one in which the jury was clearly wrong to find that the contract was terminated without cause by the employer. Dr. Smith had plainly indicated his desire not to continue under the existing contract and, further, had indicated that he was not satisfied with the new, better remuneration that had been offered. Dr. Smith did not want to continue the contract as it *154 existed and Coffman would not meet Dr. Smith’s new terms; thus, the contract ended by mutual consent. I view the July 3 letter as timely written notice that both parties agreed that the contract would not renew. Thus, tail coverage is not implicated.
I agree with the treatment of Part 2 of the opinion concerning the $25,000 award for emotional distress.
I dissent from the reversal of penalty wages and attorney fees. Dr. Smith was owed a significant sum, which was demanded and not paid. The contract automatically renewed by its own terms unless either Dr. Smith or Coffman did an affirmative act of notifying the other that the employment relationship was terminating, i.e., would not automatically renew. This affirmative act was done by Coffman in the form of the July 3 letter. This is not a contract for a lone enterprise, but a continuing employment contract. Whether Dr. Smith resigned or was terminated, the severing of the [2employment relationship by Coffman, followed by the failure to pay Dr. Smith without an equitable defense, should trigger La. R.S. 23:631-32.